UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CR461RWS |
| ) | |
| ANTOINE DEMETRIUS MEEKS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before me on the pretrial motion to suppress evidence filed by Antoine Demetrius Meeks.

Pursuant to 28 U.S.C. §636(b) the motion was referred to United States Magistrate Judge Audrey G. Fleissig for a report and recommendation.

Judge Fleissig held an evidentiary hearing on October 20, 2006. On November 21, 2006, Judge Fleissig issued her report and recommendation that Mr. Meeks' motion to suppress evidence be denied.

Defendant Demetrius Meeks filed his written objections to Judge Fleissig's recommendation on December 13, 2006.

I have conducted a *de novo* review of the evidentiary hearing and the legal memoranda filed by the parties. I adopt the thorough analysis and findings of Judge Fleissig, denying Meeks' motion to suppress evidence.

*Analysis*

Meeks' motion to suppress raises a single legal issue: whether the law enforcement officers had probable cause to arrest Meeks.

As a threshold matter I find that the officers had probable cause to stop Meeks' car for two traffic violations: blocking an intersection and speeding. It is well settled that when a police officer sees a traffic violation he has probable cause to stop the vehicle. Whren v. United States, 517 US 806 (1996).

I also find that the officers had reasonable suspicion to detain Meeks for further investigation. Again, it is well settled that police officers may briefly detain an individual for an investigative purpose when they have reasonable belief that "criminal activity may be afoot." Terry v. Ohio, 392 US 1 (1968). I have conducted a *de novo* review of the hearings and arguments and I find that under the facts known to the officers that there was a reasonable suspicion for conducting an investigative stop of both vehicles involved in this case.

The question remains whether the officer had probable cause to arrest Meeks.

Meeks argues that based on his statement and the statement of his co-defendants it is possible to conclude that the defendants were merely engaged in innocent social activities. But the mere possibility of an "innocent" explanation

2

does not preclude a finding of probable cause. I find that based on the facts known to the officers at the time *and* the confusing if not contradictory statements made by the defendants that the officers had probable cause for the arrest.

After placing Meeks under arrest the officers were entitled to search Meeks incident to his arrest. See <u>New York v. Belton</u>, 453 US 454, 458-59 (1981).

As a result neither the currency nor any other items located on Meeks' person are subject to suppression.

Accordingly,

**IT IS HEREBY ORDERED** that the objections to the United States Magistrate Judge's Report and Recommendation filed by Meeks are denied.

**IT IS FURTHER ORDERED** that based on my *de novo* review of the record the Report and Recommendation [#80] is **SUSTAINED, ADOPTED and INCORPORATED** herein.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2007.